# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN GREEN, | 1:10-cv-00935-AWI-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT BE GRANTED** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| | (Doc. 23) |
| Defendant. | **OBJECTIONS DUE: 14 DAYS** |

## I.   INTRODUCTION

Plaintiff Gwendolyn Green ("Plaintiff") filed a complaint on May 14, 2010, seeking reversal of the Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security disability benefits. (Doc. 1.) On September 29, 2011, the Court issued an order reversing the ALJ's decision and entered judgment in Plaintiff's favor. (Docs. 21, 22.)

On December 28, 2011, Plaintiff filed an application for an award of fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,207.70. (Doc. 23.) The Commissioner did not file a brief in opposition to Plaintiff's application. For the reasons set forth below, the Court RECOMMENDS that Plaintiff's application for EAJA fees be GRANTED in the amount of $6006.99.

## II. DISCUSSION

**A.  Legal Standard**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and other expenses:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and "must include an itemized statement from any attorney representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The party submitting the application is also required to allege that the position of the United States was not substantially justified. *Id.* Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

**B.  Plaintiff is Entitled to An Award of EAJA Fees and Other Expenses**

As an initial matter, Plaintiff has met the statutory criteria to be eligible for an EAJA award of fees and other expenses. A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993). A party who obtains a sentence four remand in a social security appeal is a prevailing party for purposes of the EAJA. *Schaefer*, 509 U.S. at 302. Here, Plaintiff asserts that she was a prevailing party for purposes of the appeal because the Court entered judgment in Plaintiff's favor. Further, Plaintiff asserts that her net worth as an individual was not more than $2,000,000 at the time the civil action was filed pursuant to 28 U.S.C. § 2412(d)(1)(D)(2)(B). (Doc. 23-1, 2:20-22.) Plaintiff has asserted that the Commissioner's position was not substantially justified. (Doc. 23-1, 3:15-4:20.) As such, Plaintiff is entitled to an award of her reasonable attorney's fees and expenses.

**C.      Reasonableness of the Fees**

The Court must determine what constitutes a reasonable award of attorneys' fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

    **1.      Hourly Rates**

Plaintiff requests $175.06 per hour for work performed by her counsel in 2010 and $179.51 per hour for work performed in 2011, which are the applicable statutory maximum hourly rates under EAJA for attorney work performed in 2010 and 2011, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6. These rates are unopposed and have been considered reasonable in other social security cases in this district, *see, e.g., Roberts v. Astrue*, No. 1:09-cv-1581-DLB, 2011 WL 2746715, at * 4 (E.D. Cal. July 13, 2001); the Court does not find any basis to recommend a reduction to the hourly rates requested.

    **2.      Hours Expended**

As to hours expended, Plaintiff's application for an award of EAJA fees seeks attorneys' fees for 21.8 hours of work performed by Ms. Sengthiene Bosavanh, Esq., and 19.05 hours of time expended by Ms. Victoria Chhagan, Esq.

Although Plaintiff's application was not opposed by the Commissioner, the Court has an independent duty to consider the reasonableness of Plaintiff's request for fees. *Gates*, 987 F.2d at 1401 (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). Thus, the reasonableness of the hours worked by Plaintiff's counsel is considered below.

### a.    Time Spent Reviewing Defendant's Brief and Ms. Chhagan's Work

While the Court appreciates that Ms. Bosavanh must review the pleadings and filings in the case, because Ms. Bosavanh employs someone else to perform the research and draft the substantive briefs, there is nonetheless some unreasonable duplicity. (*See* Doc. 19-2, p. 3.) Specifically, Ms. Bosavanh billed 1.5 hours to review the Commissioner's opposition to Plaintiff's opening brief. The description does not indicate that Ms. Bosavanh outlined any issues, drafted a memorandum regarding the Commissioner's opposition, or otherwise performed any task other than reading the document. Formulating a response to the brief was performed by Plaintiff's second attorney, Ms. Chhagan, who also reviewed the Commissioner's brief and billed for this time. The Court finds that critically reading the brief, without performing any research or formulating a response, required only 0.5 hours in total, particularly as it took counsel only six minutes to review the 17-page findings and recommendations issued by the Court on June 9, 2011. Thus, 1.0 hours of Ms. Bosavanh's time spent reviewing the Commissioner's opposition brief is unwarranted.

Further, as it relates to a November 4, 2010, billing entry of Ms. Bosavanh, the Court finds the time spent is unreasonable and unnecessary. Specifically, Ms. Bosavahn billed 1.0 hours on November 1, 2010, to "[r]eceive, review, edit, and submit confidential letter brief from brief-writing attorney." (Doc. 23-2, p. 3.) Three days later, on November 4, 2010, a second billing entry states that Ms. Bosavanh spent 2.5 hours to "[r]eceive draft of confidential letter brief from briefwriter; review, research, and revise." (Doc. 23-2, p. 3.) While it is not unreasonable to believe that attorneys working together to draft a particular brief may send drafts back and forth to each other over the course of several days, the November 1, 2010, billing entry states that the confidential letter brief was *submitted* on that date. If the confidential brief was submitted to the Commissioner on November 1, 2010, the billing entry on November 4, 2010, is either in error or is entirely

4

unwarranted. Thus, the request for the time spent on November 4, 2010, reviewing the confidential letter brief drafted by Ms. Chhagan appears unnecessary and unreasonable and should not be awarded.

### b. Unreasonable Accumulation of Time

The amount of time spent by Ms. Bosavanh reviewing documents is unreasonable when considered as a whole. Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately. Six-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total. Thus, for example, when eight separate tasks that require one minute each (for a total of eight minutes of time) and are billed as eight discrete six-minute tasks, they are billed as 48 minutes of time spent. In other words, eight minutes of actual time spent generates billing entries of 48 minutes. Repeated 0.1 entries (six minutes) for tasks that require less than six minutes each will ultimately reflect more time than that actually expended. Ms. Bosavanh provides the following time entries:

| Date | Description | Time |
| --- | --- | --- |
| 05/14/10 | Review court docket notice | 0.1 |
| 05/17/10 | Review court docket notice | 0.1 |
| 05/21/10 | Review court docket notice | 0.1 |
| 06/03/10 | Receive and review clerk's notice | 0.1 |
| 06/11/10 | Receive and review return receipt from Attorney General | 0.1 |
| 06/11/10 | Receive and review consent to jurisdiction by U.S. Magistrate Judge by OGC | 0.1 |
| 06/16/10 | Receive and review return receipt from Commissioner | 0.1 |
| 06/30/10 | Review court notice re: case assignment | 0.1 |
| 08/10/10 | Receive and review notice of lodging of transcript | 0.1 |

| 10/06/10 | Receive and review notice of lodging of transcript | 0.1 |
| 02/09/11 | Review court docket | 0.1 |

**Total:     1.1 hours**

While the Court appreciates the need for counsel to review court orders and the docket, the total amount billed for reviewing the documents above is unreasonable when each event is recorded as a discrete six-minute event. Multiple 0.1 time entries for review of single-page documents in the record, such as notices and minute orders, resulted in an unreasonable accumulation of time.

Review of the documents listed above by a practitioner thoroughly familiar with social security appeals in this district should require no more than two to three minutes per task, particularly because the electronic docket system provides counsel with email notices of docket activity and a link to any document filed; thus, an attorney does not even have to log into CM/ECF to view the docket entry. While these activities do take time, billing judgment must be exercised in reviewing the accumulation of 0.1 billing entries and comparing such entries to the time actually expended performing these tasks. Based on the activities recorded in reviewing routine, simple documents, the Court finds that only 0.4 of the time expended on these activities is reasonable; thus, a reduction of 0.7 hours is warranted. With the exception of one time entry above, all work was performed in 2010 thus the hours should be reduced at the 2010 billing rate.

Finally, the time entry on September 29, 2011, indicating that Ms. Bosavanh spent .5 hours reviewing the court's judgment, which was a one-page document issued by the Clerk of the Court, appears entirely unreasonable in view of the fact that it took counsel only six minutes to review the 17-page findings and recommendations issued by the Court in this matter. The time awarded for this activity should be limited to 0.1 hours.

    **c.     Insufficiently Documented Billing Entries**

With respect to Ms. Bosavanh's billing entry on June 3, 2010, which indicates that 1.3 hours of time were spent to "[p]repare documents and serve three government defendants," this request lacks any specificity. (Doc. 23-2, p. 2.) It appears that the documents to be prepared and served

1  included Plaintiff's complaint and civil cover sheet, which were already prepared on May 14, 2010,
2  and the time for drafting those documents was already billed.  Thus, "preparation" of these
3  documents would consist of printing them out, as opposed to drafting them.  Additionally, although
4  the time entry indicates that Plaintiff's *counsel* "serve[d] three government defendants," the proof of
5  service of these documents reflects that Stephanie Lopez served the documents on the defendants
6  by mail. (Doc. 9.)  As the work documented in this time entry lacks specificity and appears to
7  conflict with the proof of service as it bills for attorney time spent on activities that someone else
8  apparently completed, this time should not be awarded.  *See Hensley*, 416 U.S. at 433 (it is the fee
9  applicant's burden to submit "evidence supporting the hours worked").  Thus, a 1.3-hour reduction
10 of time is warranted.

        **d.**       **Time Spent on EAJA Application**

12  Plaintiff's counsel spent 2.4 hours drafting the EAJA application. (Doc. 23-2, p. 4.)  This
13 Court has previously awarded 1.5 hours to draft EAJA applications that Plaintiff's counsel has filed
14 in other cases.  *See, e.g., Chanthavong v. Astrue*, No. 1:09-cv-1561-SKO, 2011 WL 6751930, at *
15 12 (E.D. Cal. Dec. 23, 2011) ("the Court does not find 1.5 hours unreasonable for Mr. Wilborn to
16 review the file, review his time expended, and prepare the EAJA application").  In those cases, Ms.
17 Bosavanh worked with a second attorney, Mr. Wilborn, who drafted the EAJA applications.  A
18 review of the EAJA applications in those cases reveals that the application filed here is nearly an
19 exact duplicate.  Thus, the Court finds no basis to award fees for a greater amount of time than was
20 awarded in those cases for reproduction of an almost identical EAJA application.  Therefore, Ms.
21 Bosavanh's time in drafting the EAJA application should be reduced by 0.9 hours.

        **e.**       **Time Expended by Ms. Chhagan Appears Reasonable**

23  The Court has reviewed the time expended by Ms. Chhagan in performing research and
24 brief-writing. While she expended 12.75 hours on the confidential brief, only 1.0 hour was expended
25 to draft the opening brief, which appears to account for overlap of the issues and the drafting implicit
26 in the confidential and opening briefs.  Moreover, the Court does not find the 4.8 hours Ms. Chhagan
27 spent reviewing the Commissioner's opposition and drafting a 15-page reply brief to be excessive

or unreasonable. The Court recommends that Plaintiff be awarded 19.05 (13.75 + 5.3) hours for work performed by Ms. Chhagan.

### f.  Conclusion

As set forth above, the Court finds that Ms. Bosavanh's time expended warrants a reduction of 6.8 hours (1.0 + 2.5 + 0.7 + 0.4 + 1.3 + 0.9 = 6.8). The Court recommends the following award of attorneys' fees:

| **Ms. Bosavahn** | 2010 | 2011 | **Totals** |
|---|---|---|---|
| Hours: | 9.9 <br> (14.4  - 4.5 (2.5 + 0.7 + 1.3)) | 5.1 <br> (7.4 - 2.3 (1.0 + 0.4 + 0.9)) | 15.0 |
| Rate: | $175.06 | $179.51 | |
| Total Award: | $1,733.09 ($175.06 x 9.9) | $915.50 ($179.51 x 5.1) | $2,648.59 |
| **Ms. Chhagan** | | | |
| Hours: | 13.75 | 5.3 | 19.05 |
| Rate: | $175.06 | $179.51 | |
| Total Award: | $2,407 (13.75 x $175.06) | $951.40 (5.3 x $179.51) | $3,358.40 |

### III.  CONCLUSION AND RECOMMENDATION

Pursuant to the declarations and time entries submitted, 34.05 (15.0 + 19.05) hours expended by Plaintiff's counsel on the litigation is reasonable. For the reasons set forth above, a reduction of six and eight-tenths of an hour (6.8) is warranted for duplicative or otherwise unnecessary and unreasonable time spent by Plaintiff's counsel.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for an award of attorney's fees be GRANTED in the amount of $6,006.99:

    a. Plaintiff should be awarded $2,648.59 for time expended by Ms. Bosavanh, Esq.;

    b.  Plaintiff should be awarded $3,358.40 for time expended by Ms. Chhagan, Esq.; and

  2.  Plaintiff should be paid in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: April 11, 2012**         **/s/ Sheila K. Oberto**
                    UNITED STATES MAGISTRATE JUDGE